## 9308.  HOLLAND *et al.* v. JOHNSON.

It was error to direct a verdict for the plaintiff in an action of trover for a mule, where from the evidence it appeared that he based his claim on his purchase of the mule from the defendants under a duly recorded contract with reservation of title in the vendors until payment of the purchase-price, which became due one day after the date of the contract and was never or only to a small extent paid; that he soon voluntarily left his home and family, without explanation, and without knowledge on their part or on the part of the vendors as to his whereabouts, leaving the mule without provision for its care, and that his wife, being unable to care for or feed it, took it to a third person, with whom she left it, and this person, having nothing to feed it with, allowed the vendors to take possession of it. Under these facts, the plaintiff having virtually abandoned the mule and left it to starve, and the defendants having lawfully obtained possession of it, the right of possession, as well as the legal title, was in the defendants.

DECIDED APRIL 9, 1918.

Trover; from Chattooga superior court—Judge Wright. September 13, 1917.

*J. M. Bellah,* for plaintiffs in error.

BROYLES, P. J.   George Johnson brought a suit in trover against R. L. Holland and Gilbert S. Holland, to recover a mule.   The undisputed evidence was as follows:   The mule had been sold to the plaintiff by the defendants under a duly recorded contract in which title to the mule was reserved in the vendors until full payment of the purchase-money.   The contract was executed on January 2, 1915, and the purchase-price was to be paid one day after date.   At the time of the bringing of the suit, August 5, 1916, only a small portion, if any, of the purchase-price had been paid.   Johnson lived on the land of the vendors, and, shortly after executing the conditional contract of sale and obtaining possession of the mule, he voluntarily left his home, without any explanation to his wife and children, and remained away for several months, his whereabouts being unknown to his family or to the vendors.   The inescapable conclusion from the undisputed facts in the evidence for the plaintiff is that he went away to escape arrest under an indictment for selling whisky, leaving his wife unable to care for or to feed the mule.   His wife, having nothing with which to feed the mule, carried it to a third person and left it in his possession.   This third person, who also lived on the vendors' place, kept the mule for several weeks, when, as he testified, having no use for it and nothing to feed it with, he allowed the vendors to take possession of it.

Under these undisputed facts we think that the plaintiff had virtually abandoned the mule and left it to starve, and that the defendants lawfully obtained possession of it; and as the right of possession, as well as the legal title, was in them, the plaintiff could not maintain his action in trover.   This ruling is not in opposition to the well-settled principle of law that when a vendee is entitled to the possession of a chattel he may maintain a suit in trover for its conversion against the vendor, even though, under the terms of the conditional sale, the legal title to the chattel is reserved in the vendor.   The distinction is that in the instant case the vendee was not entitled to the possession of the property sued for.   In our opinion the court erred in directing a verdict for the plaintiff.

*Judgment reversed.   Bloodworth and Harwell, JJ., concur.*